# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES L. LEMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-1232-JTM |
| | ) |
| EVCON INDUSTRIES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Defendant York International Corporation ("York") moves to amend its answer to (1) add an affirmative defense (workers compensation exclusive remedy/statutory employer) and (2) modify certain "other" responses in its original answer. (Doc. 15). Plaintiff does not oppose the addition of the "exclusive remedy/statutory employer" defense but does object to the remaining amendments, arguing that the "other" amendments violate an agreed stipulation between the parties. For the reasons set forth below, the motion shall be GRANTED.

## Background

This is a personal injury action. Highly summarized, plaintiff alleges that he was a business invitee and sustained injuries when he fell into a hole covered by a grate in defendants' parking lot. Evcon Industries, Inc., then a wholly owned subsidiary, was named

as a defendant because it was the record owner of the real estate on the day of the accident. However, before this lawsuit was filed, Evcon Industries merged into Evcon Holdings, Inc. which in turn merged into York. Because Evcon Industries, Inc. no longer existed, the parties entered into a stipulation that York would assume "any liability attributable to Evcon Industries, Inc. in this case for events that occurred on the real property..." and that Evcon would be dismissed without prejudice. As noted above, plaintiff opposes the amendment because portions of the amendment would violate the stipulation. York counters that the proposed amendment does not violate the stipulation.

**Analysis**

The standard for permitting a party to amend his answer is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the court. Fed. R. Civ. P. 15(a).[1] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The

---

[1] A party may amend its pleading once as a matter of course (1) before a responsive pleading is served or (2) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar. Fed. R. Civ. P. 15(a)(1). The time for amending "as a matter of course" is long past.

-2-

court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

Plaintiff asserts none of the traditional objections to a motion to amend (timeliness, prejudice, bad faith, and futility) but argues in a conclusory manner that the amendment violates the stipulation. However, the court has reviewed plaintiff's argument and fails to understand how the proposed amendment violates the parties' stipulation.[2] Because the motion is timely and plaintiff presents no argument that the proposed amended answer is prejudicial, in bad faith, or futile, the motion to amend shall be granted.[3]

**IT IS THEREFORE ORDERED** that York's motion to amend its answer **(Doc. 15)** is **GRANTED.** York shall file and serve its amended answer by **January 18th, 2010**.

Dated at Wichita, Kansas this 7th day of January 2010.

                                      S/ Karen M. Humphreys
                                      _____
                                      KAREN M. HUMPHREYS
                                      United States Magistrate Judge

---

[2] Plaintiff's argument concerning the stipulation is so conclusory that the court is unable to provide an expanded analysis or clarification.

[3] In granting this motion, the court expresses no opinion as to whether or not York has somehow violated the stipulation. Plaintiff is free to argue the significance of the stipulation in any future proceedings in this case.