IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES L. LEMMONS,

    Plaintiff,

vs.                                      Case No. 09-1232-JTM

EVCON INDUSTRIES, INC., ET. AL,

    Defendants.

MEMORANDUM AND ORDER

This matter comes before the court on Mr. Lemmons's Motion for Reconsideration (Dkt. No. 78) and Motion to Alter or Amend Judgment (Dkt. No. 81). Mr. Lemmons initially filed his Motion for Reconsideration arguing this "Court's opinion misse[d] the point" and "is contrary to the law of Kansas." *See* Dkt. No. 78. Alternatively, he suggested the court should defer ruling on the motion until the Kansas Supreme Court issued its ruling in *Herrell v. National Beef Packing Company, L.L.C.*, (*Herrell II*), 294 Kan. 730, 259 P.3d 663 (2011). Before the court ruled on the reconsideration motion, the Kansas Supreme Court issued its opinion in *Herrell II* on August 12, 2011, and Mr. Lemmons filed his Motion to Alter or Amend Judgment. He also filed a Notice of Appeal (Dkt. No. 82) of this court's July 14, 2011, Order (Dkt. No. 76) granting summary judgment in the defendants' favor. Because Mr. Lemmons filed his appeal before this court ruled on the present Motion to Alter or Amend Judgment, the Tenth Circuit has abated the appeal pending resolution of this motion. *See* FED. R. APP. P. 4(a)(4)(B)(i). Mr. Lemmons must notify the Tenth Circuit in writing within 10 days of this Order.

The court grants Mr. Lemmons's Motion to Alter or Amend Judgment. Under *Herrell II*, York is not covered under the exclusive-remedy provision for any potential liability incurred because of Evcon's status as the owner of the property. Further, York is not entitled to summary judgment on Evcon's duties as a landowner because genuine issues of material fact exist about whether Evcon occupied, possessed, or controlled the land when Mr. Lemmons was injured.

**I. Legal Standard: Motion to Alter or Amend Judgment**

Local Rule 7.3(a) requires that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60. The court will not grant reconsideration of such order or judgment under this rule." So, although Mr. Lemmons initially filed a Motion for Reconsideration, he subsequently filed a Motion to Alter or Amend Judgment under Rule 59(e).

A motion to alter or amend, like a motion to reconsider, may be granted to correct manifest errors, or in light of newly discovered evidence. Such a motion is appropriate only if the moving party establishes: (1) an intervening change in controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to alter or amend "is not appropriate to revisit issues already addressed or [to] advance arguments that could have been raised in prior briefing." *Id.* It is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd,* 43 F.3d 1484 (10th Cir. 1994). The court has broad discretion to grant or deny a Rule 59(e) motion. *See Phelps*

*v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997); *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).

Mr. Lemmons argues his 59(e) motion is appropriate because of the Kansas Supreme Court's ruling in *Herrell II*. Thus, this court must determine whether *Herrell II* was an intervening change in controlling law requiring it to alter or amend its previous judgment.

### II. York Is Not Entitled to Summary Judgment on Evcon's Duties as a Landowner Under *Herrell II*

As an initial matter, this court previously determined that York qualified as Mr. Lemmons's statutory and special employer, thus, entitling it to the protections of the exclusive remedy provision. *See* Dkt. No. 76, at 9, 12. The Kansas Supreme Court's ruling in *Herrell II* did not change that. At issue here is whether York is liable to Mr. Lemmons for Evcon's liabilities as the landowner under *Herrell II*.

This court granted summary judgment to York on Evcon's liabilities finding "[t]he pertinent facts of this case, regarding Evcon's liability as a landowner, are nearly on all fours with the facts of *Herrell*." Dkt. No. 76, at 20. This court further stated:

> Like National Beef, Evcon did not contract with plaintiff and did not control plaintiff's actions by directing his job duties. Further, the injury alleged here, that plaintiff fell at the York facility, is potentially attributable to Evcon's negligence as a landowner not Ryder's negligence as an independent contractor. As such, defendant is entitled to summary judgment under *Herrell* unless Evcon exerted sufficient control over plaintiff's work. As the court has explained, York controlled nearly every aspect of plaintiff's work. Evcon was a passive landowner exerting no control over plaintiff's work. Thus, York is entitled to summary judgment as Evcon is not liable under *Herrell*. *See* 41 Kan. App.2d at 323-24, 202 P.3d at 705-06 (stating landowner was not liable because it retained no control over the work resulting in injury).

*Id.*

The Kansas Supreme Court's ruling in *Herrell II* changes that result. The court in *Herrell II* reversed the Kansas Court of Appeals's decision in *Herrell I* to the extent it relied on *Dillard v. Strecker*, 255 Kan. 704, 877 P.2d 371 (1994), and held that National Beef, as a landowner, was not excluded from liability to an employee of an independent contractor covered by workers compensation. 292 Kan. at 744, 259 P.3d at 673. First, the Kansas Supreme Court stated that the Court of Appeals impermissibly ignored the limitations clearly stated in *Dillard*. *Id.* ("Herrell's premises cause of action alleging direct negligence by National Beef in creating a hazardous condition and failing to warn of it is not controlled by *Dillard*."). Next, the court analyzed the exclusive-remedy provision[1] and the third-party provision[2] of the Kansas Workers Compensation Act and found that "[u]nder the plain language of these two statutes, a landowner in National Beef's position is not excluded from liability if its negligence causes injury to an independent contractor's employee while that employee is working on the landowner's property." *Id.* at 746, 259 P.3d at 675. The court further stated that the "workers compensation statutory scheme simply does not respond to the general common law of premises liability." *Id.* at 746-747, 259 P.3d at 675. A landowner owes the employee of an independent contractor "the same duty it owed to other entrants onto its

---

[1]The exclusive-remedy provision provides:
Except as provided in the workers compensation act, no employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable under the workers compensation act nor shall an employer be liable to any third party for any injury or death of an employee which was caused under circumstances creating a legal liability against a third party and for which workers compensation is payable by such employer.
KAN. STAT. ANN. 44-501(b) (2010).

[2]The third-party provision provides:
When the injury or death for which compensation is payable under the workers compensation act was caused under circumstances creating a legal liability against some person other than the employer or any person in the same employ to pay damages, the injured worker or the worker's dependents or personal representatives shall have the right to take compensation under the workers compensation act and pursue a remedy by proper action in a court of competent jurisdiction against such other person.
KAN. STAT. ANN. § 44-504(a) (2010).

property—a duty of reasonable care under the circumstances." *Id.* at 747, 259 P.3d at 675.

Under *Herrell II* neither the exclusive-remedy provision nor the third-party provision bar Mr. Lemmons's negligence suit against York. *See id.* at 745-47, 259 P.3d at 674-75. Further, this case does not come under *Dillard's* purview because Mr. Lemmons's cause of action is not based on (1) a nondelegable statutory or regulatory duty, or (2) on Ryder's negligence. *Herrell II* constitutes an intervening change of controlling law, and York is not entitled to summary judgment on Evcon's liabilities as a landowner. Yet York still claims it is entitled to summary judgment because Evcon, as a passive and nonpossessory landowner, had no duty to protect Mr. Lemmons from injury. The court did not address this argument in its previous Memorandum and Order because it granted York's motion on different grounds. Now that York is not entitled to summary judgment under *Herrell II*, it is necessary to address this argument.

### III. Genuine Issues of Material Fact Remain Concerning York's Liability for Evcon's Duties as a Landowner

York cites *Gragg v. Wichita State University*, to support its argument that it is not liable for Evcon's duties as a landowner because Evcon was not in possession or control of the premises at the time Mr. Lemmons was injured. *See* 261 Kan. 1037, 934 P.2d 121 (1997). In *Gragg*, the plaintiff was shot by a gang member on Wichita State University property after having attended a public event. *Id.* at 1042, 934 P.2d at 127. The issue was whether the sponsors of the event were liable to the plaintiff as occupiers or possessors of the WSU campus and, thus, owed the plaintiff a duty as an invitee. *Id.* at 1047, 934 P.2d at 130. First the court stated the general premises liability rule:

> "To hold a defendant liable for failure to keep premises in a reasonably safe condition, the defendant must be the owner, occupier, or possessor of the premises. . . . Restatement (Second) of Torts § 328E (1964) defines a 'possessor of land,' in

part, as: one who is in occupation of the land with the intent to control it. In determining the liability of a possessor of land, we have applied the occupation with intent to control principle."

*Id.* at 1047, 934 P.2d at 130. (quoting *Miller v. Zep Mfg. Co.*, 249 Kan. 34, 41-42, 815 P.2d 506, 513 (1991)). Further, the *Gragg* court stated:

"'*Occupation, or possession, and control* is usually one of the attributes that must be shown as a basis for liability on the part of an owner or occupant of premises for injuries resulting from the condition of the premises. The liability of an occupant of real estate for injuries caused by a dangerous or defective condition of the premises depends generally upon his control of the property, whether or not he has title thereto and whether or not he has a superior right to possession of property which is in the possession and control of another.'"

*Id.* at 1048, 934 P.2d at 130 ((quoting *Rogers v. Omega Concrete Sys., Inc.*, 20 Kan. App.2d 1, 883 P.2d 1204 (1994)) (quoting 62 AM. JUR.2D *Premises Liability* § 6, p. 353)). With those principles in mind, the court held that the sponsors were not liable to the plaintiff because they did not occupy, possess, or control the property when she was killed. *Id.* at 1049-50, 934 P.2d at 131. In fact, the sponsors' involvement in the event was restricted primarily to contributing a sum of money in exchange for advertisement. *Id.* at 1049, 934 P.2d at 131. "The authority to approve events and the responsibility for preparing the campus remained in WSU." *Id.*

Here, the parties stipulated that "should there be any liability attributable to Evcon Industries, Inc. in this case for events that occurred on the real property at issue in this litigation previously owned by it, that York International Corporation has assumed such liability." *See* Dkt. No. 76, pg. 3. Thus, York's liability hinges on Evcon's liability as the landowner. The issue is whether Evcon was in occupation, possession, or control of the land at the time of Mr. Lemmons's injury. It is undisputed that Evcon held title to the land on the date in question. Beyond that, there are no facts in the record showing Evcon did or did not occupy, possess, or control the property. And there are

no facts showing Evcon and York were in a landlord-tenant relationship. *See Borders v. Roseberry*, 216 Kan. 486, 532 P.2d 1366 (1975). York admitted in its Amended Answer that "Evcon and/or York owned, operated, maintained and/or managed the premises." Dkt. No. 29, at ¶ 5. But this is not enough at the summary judgment stage to prove that Evcon occupied, possessed, or controlled the land. Therefore, there is a genuine issue of material fact regarding York's liability to Mr. Lemmons for Evcon's duties as a landowner. As such, this court grants Mr. Lemmons's Motion to Alter or Amend Judgment. *See Servants of Paraclete*, 204 F.3d at 1012.

IT IS ACCORDINGLY ORDERED this 21st day of December 2011, that Mr. Lemmons's Motion to Alter or Amend Judgment (Dkt. No. 81) is granted. His Motion for Reconsideration (Dkt. No. 78) is denied as moot. The court's previous judgment is amended to the extent it granted summary judgment to York on Evcon's liabilities as a landowner.

IT IS FURTHER ORDERED that the remaining deadlines in this case shall be as follows:

Motions to Exclude Expert Testimony:              March 6, 2012

Motions *in Limine* and Proposed Jury Instructions: April 18, 2012

Briefs in Opposition to Motions *in Limine*:      April 23, 2012

| | |
|---|---|
| *In Limine* Conference: | April 25, 2012, at 2:30 p.m. |
| Trial: | May 1, 2012, at 9:00 a.m. |

s/   J. Thomas Marten
J. THOMAS MARTEN, JUDGE
