IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES L. LEMMONS,

        Plaintiff,

v.                                   Case No. 09-1232-JTM

YORK INTERNATIONAL CORPORATION,

        Defendant.

MEMORANDUM AND ORDER

This is a diversity action involving premises liability. The court has before it defendant York International Corporation's Second Motion for Summary Judgment (Dkt. 104) and plaintiff James L. Lemmons's Motion for Hearing (Dkt. 125). York argues that it is entitled to summary judgment because (1) there is no evidence in the record that Evcon occupied and controlled the land such that it owed a duty to Lemmons, and (2) Evcon should be permitted to share in York's statutory immunity under the Kansas Workers' Compensation Act. Lemmons asks this court for a hearing on these arguments. The court denies York's Motion for the reasons set out below. As a result, the court denies Lemmons's Motion for Hearing as moot.

**I. Procedural Background**

Defendant York manufacturers and sells HVAC equipment at several locations including the Wichita facility at issue here. Plaintiff Lemmons claims he was injured when he fell into a hole covered by a grate in the parking lot while he attempted to hook up a loaded trailer. At the time of the accident, Lemmons was employed by Ryder

as a yard driver. York and Ryder contracted for Ryder to provide freight transportation, hauling, and other delivery services for York at its Wichita facility. Under the contract, Ryder agreed to comply with all applicable workers compensation laws and to provide workers compensation and employer's liability insurance for its employees working at York. Lemmons was a full-time Ryder yard driver and worked exclusively at the York facility at the time of his alleged injury.

On May 11, 2009, Lemmons filed his Original Petition in state court against York. Lemmons also sued Evcon Industries, Inc., a prior subsidiary of York that held title to the York facility at the time of the alleged injury. Later in the case, Lemmons voluntarily dismissed Evcon. However, in their Stipulation and Order of Dismissal York and Lemmons agreed that as a result of the merger between the two corporations, York would assume any liability found attributable to Evcon. York removed the case to federal court on diversity grounds. Eventually, York filed its first Motion for Summary arguing that (1) the exclusive remedy provision of the Kansas Workers' Compensation Act protects York from liability for its own actions and (2) any liability attributable to Evcon was foreclosed by *Herrell v. Nat'l Beef Packing Co.*, 41 Kan. App. 2d 302, 202 P.3d 691 (2009).

On July 14, 2011, this court granted York summary judgment based on these two theories. *See* Dkt. 76. On August 12, the Kansas Supreme Court issued its opinion in *Herrell v. Nat'l Beef Packing Co.*, 292 Kan. 730, 259 P.3d 663 (2011) ("*Herrell II*"), reversing in applicable part the opinion on which this court relied in granting summary judgment

to York. On the same day the *Herrell II* opinion was released, Lemmons filed a Motion to Alter or Amend Judgment. Dkt. 81.

The court granted Lemmons's Motion, recognizing the intervening change in controlling law. Dkt. 93. The court held that York was not entitled to summary judgment on Evcon's duties as a landowner as a result of *Herrell II*. Additionally, the court held that it could not grant summary judgment because genuine issues of material fact existed about whether Evcon occupied, possessed, or controlled the land when Lemmons was injured. The court also noted that *Herrell II* did not change the court's previous determination that York qualified as Lemmons's statutory and special employer, entitling it to the protections of the exclusive remedy provision of the Kansas Workers' Compensation Act.

York sought leave to file its Second Motion for Summary Judgment, which the court allowed. York filed its Second Motion for Summary Judgment and Memorandum in Support. After Lemmons filed his Response and York filed its Reply, Lemmons filed a Motion for Hearing on the Motion for Summary Judgment. Dkt. 125.

**III. Legal Standard**

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." FED. R. CIV. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact." *Id.* Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that

3

the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hosp.*, 854 F.2d 365, 367 (10th Cir. 1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Nat. Gas Co.*, 754 F.2d 884, 885 (10th Cir. 1985). The moving party need not disprove [nonmovant's] claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987) (alterations added).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained in its pleadings or briefs. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Id.* Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. *Id.* at 250-51. Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 587 (quoting FED. R. CIV. P. 56(e)) (emphasis in *Matsushita*).

**IV. Findings of Fact**

In its Order altering judgment, the court explained that a genuine issue of material fact existed as to whether Evcon was in occupation, possession, or control of the land when Lemmons was injured. The court stated:

> It is undisputed that Evcon held title to the land on the date in question. Beyond that, there are no facts in the record showing Evcon did or did not occupy, possess, or control the property. And there are no facts showing Evcon and York were in a landlord-tenant relationship. *See Borders v. Roseberry*, 216 Kan. 486, 532 P.2d 1366 (1975). York admitted in its Amended Answer that "Evcon and/or York owned, operated, maintained and/or managed the premises." Dkt. No. 29, at ¶ 5. But this is not enough at the summary judgment stage to prove that Evcon occupied, possessed, or controlled the land. Therefore, there is a genuine issue of material fact regarding York's liability to Mr. Lemmons for Evcon's duties as a landowner.

Dkt. 93, pg. 6–7. Despite the court's clear guidance that a genuine issue of material fact remained, York has not provided any additional facts to show that Evcon did not occupy, possess, or control the land at the time of Lemmons's alleged injury. In its Motion, York merely argues that Lemmons has provided no evidence to support Evcon's liability, contrary to this court's statement in the Order altering judgment. As a result, the court is no better informed on this genuine issue of material fact than it was before York filed its Motion for Summary Judgment. For this reason, the court denies the Motion.

**V. Conclusions of Law**

York also argues that this court should allow Evcon to enjoy the same protections under the exclusive remedy provision of the Kansas Workers' Compensation Act. Essentially, this would entitle York to judgment as a matter of law regardless of the

5

genuine issue of material fact discussed above. York claims that Evcon operated as a passive subsidiary of York, so for all practical purposes Evcon was the same corporation as York. In effect, York asks this court to pierce the corporate veil for defensive purposes, to shield Evcon from liability by viewing it and York as the same corporation entitled to the same protections. This argument falls flat because it is unsupported by precedent and against public policy. As a result, York is not entitled to judgment as a matter of law.

York argues that the equitable doctrine of piercing the corporate veil is broad in scope and can be employed whenever equity requires, citing *Farha v. Signal Companies, Inc.*, 216 Kan. 471, 532 P.2d 1330, 1338 (1975); *Serv. Iron Foundry v. M.A. Bell Co.*, 2 Kan. App. 2d 662, 673 (Kan. Ct. App. 1979); and *Mid-west Metal Prods., Inc. v. Simpson*, 13 B.R. 562, 567 (D. Kan. 1981). However, those cases do not support York's expansion of the veil piercing doctrine. The "broad scope" discussed by the courts in those cases included two scenarios: classic piercing and reverse piercing. Classic veil piercing is holding an owner, stockholder, or parent corporation responsible for a corporation's actions as if they were the owner's own. *See Serv. Iron Foundry*, 2 Kan. App. 2d at 672–74.

Reverse veil piercing disregards the corporate form to hold a corporation liable for its owner's, stockholders', or parent corporation's actions. *See Farha v. Signal Companies, Inc.*, 216 Kan. 471, 532 P.2d 1330, 1338 (1975). None of the cases cited by York employed reverse piercing for the benefit of the corporation or its owner, which York suggests this court should do. This use of the doctrine was never even considered by

6

the courts in those cases. In *Farha*, the Kansas Supreme Court reverse pierced the corporate veil to find jurisdiction over a subsidiary corporation after finding jurisdiction over its parent corporation and determining that the subsidiary was a "mere instrumentality of its parent corporation without any separate corporate existence." 532 P.2d at 1337–40.

In *Serv. Iron Foundry*, the Court of Appeals of Kansas listed ten factors to be considered in determining whether a parent corporation should be held liable for the debt of a subsidiary. 2 Kan. App. 2d at 674. The issue on appeal was whether the trial court should have submitted to a jury the issue of whether one corporation was the mere alter ego or instrumentality of another corporation. *Id.* at 672–74. As explained below, to the extent that York cites this case to show that Kansas law allows reverse piercing, the case has been overruled.

In *Mid-west Metal Prods., Inc.*, the U.S. Bankruptcy Court for the District of Kansas became the first court to use reverse piercing of the corporate veil. The court used the doctrine to hold a subsidiary liable for the obligations of its parent company. *See* 13 B.R. 562 at 565–68. In its opinion, the court admitted that "no case decided under Kansas law has addressed a reverse piercing of the corporate veil situation," but it decided that the doctrine should apply based on general principles and equitable rules found in relevant Kansas case law. *Id.* at 568.

Although the reverse piercing scenario adds some breadth to the doctrine of corporate veil piercing, it still fits within a narrow application: disregarding corporate form in order to hold the real wrongdoer responsible. None of the cases cited by York

7

support the defensive use of this doctrine to allow an owner or its corporation to disregard corporate form for their benefit.

However, the court also notes that the Tenth Circuit's more recent "clear statement" requirement precludes this court from applying even the narrow reverse veil piercing doctrine applied in the cases discussed above. *See Bettis v. Hall*, 2011 WL 1430327, at *3 (D. Kan. Apr. 14, 2011) (citing *Floyd v. IRS*, 151 F.3d 1295, 1299 (10th Cir. 1998)). In *Bettis*, the court made clear that the lack of Kansas courts applying reverse piercing noted in the *Mid-west Metal Prods., Inc.* opinion gives this court no clear statement of Kansas law to apply here. *Id*. The court has no authority to apply reverse piercing at all, let alone to apply it in defense of the owner and corporation as York asks for.

Further, allowing corporations to pierce the veil in order to avoid liability turns the doctrine on its head and violates public policy. The corporate form is a legal fiction that creates a veil to shield owners and their assets from the corporate entity's liabilities. Piercing the veil is a well-established doctrine used to overcome the separateness of owner and corporation "when the notion of legal entity is used to defeat public convenience, justify wrong, protect fraud, or defend crime." *United States v. Milwaukee Refrigerator Transit Co.*, 142 F. 247, 255 (E.D. Wis. Dec. 28, 1905). The veil has never been pierced to benefit the parties protected by the veil in the first place.

In this case, York was the owner of Evcon at the time Lemmons was allegedly injured. The corporations merged after Lemmons's injury, effectively piercing the veil between them of their own accord. Prior to their merger, York enjoyed the protections

of the corporate shield that separated it from Evcon. Now, York asks this court to consider Evcon and York to have been merged into the same entity at the time when Lemmons was allegedly injured, in order to grant Evcon the same protections that apply to York. If the court followed York's suggestion, what purpose would the merger between York and Evcon have served? York's suggested veil-piercing doctrine would allow an owner or shareholder to claim legal protection under the corporate form on one hand, and on the other hand claim equitable protection by retroactively dropping the corporate form when the owner has used the corporation as an alter ego.

The court declines to reverse pierce the corporate veil in defense of York and Evcon, the very entities protected by the veil. This application finds no support in Kansas law and does not serve public policy.

## VI. Conclusion

The court finds that a genuine issue of material fact remains and the defendant is not entitled to judgment as a matter of law. Therefore, the court denies York's Motion for Summary Judgment. Additionally, the court's opinion in this matter renders moot Lemmons's Motion for Hearing on the motion.

IT IS THEREFORE ORDERED this 12th day of December, 2012, that York's Second Motion for Summary Judgment (Dkt. 104) is denied. The court also denies as moot Lemmons's Motion for Hearing (Dkt. 125).

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE
