IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES L. LEMMONS,

        Plaintiff,

v.                                                             Case No. 09-1232-JTM

YORK INTERNATIONAL CORPORATION,

        Defendant.

## MEMORANDUM AND ORDER

The court has before it defendant's Omnibus Motion in Limine (Dkt. 162) and Motion in Limine to Preclude Medical Causation Opinion Testimony by H. Woodard (Dkt. 164). After reviewing the motions and holding an in limine conference, the court is prepared to rule. The individual motions are listed below followed by the court's ruling on each. Each of the court's rulings is provisional.

<u>Omnibus Motion in Limine (Dkt. 162)</u>

1. Sequestration of Non-Party Witnesses – Granted. Non-party witnesses (excluding Rita Lemmons) will be sequestered.

2. Foreign Defendant and Out-Of-State Counsel – Granted. That Evcon's parent company is an international corporation and that defense counsel is from out of state are irrelevant.

3. Size of Law Firms – Granted. The size and international nature of defendant's hired law firm and the number of attorneys hired by defendant are irrelevant.

4. Size, Net Worth, Revenues, Profits, or Financial Condition of York/Evcon – Granted. These aspects of Evcon and York are irrelevant.

5. Absent Witnesses – Granted. It would be improper for plaintiff to comment on the failure of defendant to produce a witness available to both parties or one who would offer only cumulative testimony. It would also be improper for plaintiff to comment on defendant's consulting witness or defendant's choice not to call him to testify at trial.

6. Discovery Disputes – Granted. Neither party will falsely imply that the other side has not complied with discovery requirements or is otherwise obscuring facts or hiding evidence at trial.

7. Unsupported Accusation of Defendant's Purported Change in Position – Denied. The defendant will not be unfairly prejudiced by any argument that it has changed its defense position, as long as there are facts in evidence to support the argument. Both sides will have ample opportunity to argue this issue.

8. Statements Designed to Inflame Juror's Passions – Denied. The parties will have ample opportunity to contemporaneously object to what they consider to be improper argument by the other side at trial.

9. Indemnity and Liability Insurance – Granted. Referring to any liability insurance held by the defendant is improper under Federal Rule of Evidence 411. Also, any evidence of indemnity agreements, or other reference to the fact that York is a stipulated successor of Evcon and would be responsible for any judgment assessed is also improper as unfairly prejudicial.

10. Admissibility of Subsequent Remedial Measures by Nonparties – Denied. York's subsequent repair of the drainage trench where Lemmons fell is not prohibited by Federal Rule of Evidence 407, because it would be offered to show control of the premises rather than negligence of the party.

11. Undisclosed Expert Opinions – Granted. Plaintiff's expert witnesses—Dr. Stein and Ms. Woodard—may not give opinions not already contained in their written statements or disclosed at their depositions.

12. Day-in-the-Life Video or Other Unfairly Prejudicial Video Evidence – Denied. Plaintiff's counsel stated that this video will not be used as evidence, so the motion is moot.

13. Religious Affiliation of Counsel and Similarly Unfair Appeals to Faith – Granted. This information or argument is irrelevant to the case. The court notes that this motion was unnecessary.

14. Workers' Compensation Benefits and Related Subrogation Lien, Employer Immunity, and Effect of Fault Allocation to Nonparties – Under advisement. Plaintiff's counsel has assured the court that this will not become an issue until closing arguments. Therefore, the court is taking this motion under advisement and will notify the parties of its ruling before closing arguments.

15. Party Nomenclature and Improper Reference to Johnson Controls – Granted. Counsel will avoid improper references to Johnson Controls and will refer to York as "York" when referenced in its individual capacity and as "Evcon" when referenced in its capacity as successor-in-interest to Evcon. Without clear distinctions, the jury might be confused.

16. Improper Witness Impeachment – Granted. The court will not allow any improper impeachment of witnesses.

17. Unauthenticated and Incomplete Law Company Documents – Denied. The court advised the parties to work this issue out on their own. If, after the parties have

determined which documents they are willing to stipulate to, this is still an issue, the court will take the issue up again.

18. Law Company Testimony Lacking Proper Foundation – Granted. Lay witness testimony must be rationally based on the witness's perception. *See* FED. R. EVID. 701(a).

Motion to Preclude Medical Causation Opinion Testimony by Helen Woodard (Dkt. 164)

The court grants the motion. Woodard may not testify regarding the medical causation of Lemmons's injuries or give other expert testimony on medical issues. Woodard may testify as to Lemmons's rehabilitative needs.

IT IS THEREFORE ORDERED this 24th day of April, 2013.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE