IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES L. LEMMONS,

       Plaintiff,

v.                                                                      Case No. 09-1232-JTM

YORK INTERNATIONAL CORPORATION,

       Defendant.

ORDER

James Lemmons settled his lawsuit against York International Corporation after the case was tried to a jury but before the parties made their closing arguments. Lemmons's employer, Ryder Integrated Logistics, paid worker's compensation benefits to him and now claims a lien against the settlement proceeds. At a hearing held on June 24, 2013, plaintiff James L. Lemmons and interested party Ryder Integrated Logistics argued the issues of whether Ryder has a lien on the settlement between Lemmons and York and the amount of the lien if it exists. After reviewing the parties' written and oral arguments, the court is prepared to rule.

**I. Existence of a Lien on the Settlement Proceeds**

The first issue before the court is whether, under Kansas law, Ryder is entitled to a lien on the settlement proceeds. Under KAN. STAT. ANN. § 44-504(a) (1993), an injured employee has "the right to take compensation under the workers compensation act and pursue a remedy" of damages in court against "some person other than the employer or any person in the same employ . . . ." Under section (b) of the same statute,

> [i]n the event of recovery from such other person by the injured worker . . . by judgment, settlement, or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by the employer to the date of such recovery and shall have a lien therefor against the entire amount of such recovery . . . .

§ 44-504(b). The Kansas Supreme Court has recognized that the legislature's intent in enacting § 44-504 was two-fold: "(1) to preserve an injured worker's claim against third-party tortfeasors and (2) to prevent double recoveries by insured workers." *PMA Group v. Trotter*, 281 Kan. 1344, 135 P.3d 1244, 1248 (2006) (citation omitted).

The court must determine whether York is an "other person" under the statute, entitling Ryder to a lien on the settlement. Lemmons argues that York, as his statutory employer, does not qualify as an "other person" under the statute, so Ryder has no lien. Lemmons relies on *Trotter*, wherein the Court found that no subrogation right existed for an employer that had paid worker's compensation benefits because the plaintiff had sued a co-employee, rather than an "other person" under the statute. *See id.*

Ryder argues that Lemmons's position in regard to York's status is contrary to his position throughout the course of the underlying action against York and Evcon, and the court should employ equitable estoppel to prevent this change in position. Indeed, prior to this stage, Lemmons had argued that primary liability would fall on Evcon rather than York. Ryder argues that the settlement took into consideration York's statutory employer issue and was resolving liability against Evcon. If the settlement had been solely between Lemmons and Evcon, Ryder argues, Lemmons would not dispute Ryder's right to subrogation under § 44-504(b). Ryder also argues that *Trotter* is distinguishable because in that case, the only party sued was an immune co-employee,

2

whereas in this case Evcon was an additional non-immune party targeted by Lemmons throughout the course of litigation as maintaining the bulk of responsibility for his injuries and damages.

The court agrees that Lemmons's position now is contrary to his prior position regarding York's liability. However, the court declines to apply equitable estoppel because Ryder has not relied to its own detriment on Lemmons's prior position. *See Trotter*, 135 P.3d at 1250 (explaining that equitable estoppel requires one party's reliance on the opposing party's prior position).

Regardless of Lemmons's change in position, the court holds that § 44-504(b) gives Ryder a right to subrogation in the settlement. This court already granted immunity from suit to York as a statutory employer. *See* Dkt. 76. However, in its December 21, 2011 order (Dkt. 93), the court made clear that York was still subject to liability for any breach of duty by Evcon as Evcon's successor-in-interest. Although any settlement between Lemmons and York as a statutory employer would be beyond Ryder's subrogation rights under the statute, this is not the issue before the court. Rather, York settled this case in its capacity as successor-in-interest to Evcon, an "other party" under Kansas law. No entity, having immunity from suit, would choose to settle the suit for any amount. With no incentive for York to settle the case in its capacity as a statutory employer, York only settled this case as a successor-in-interest to Evcon.

Lemmons sued Evcon under the theory that Evcon owed a duty as a landowner to keep its land safe. This court specifically ruled that Evcon was not entitled to York's statutory employer status even though York had eventually merged with Evcon. Dkt.

3

127. Thus, under § 44-504(a), Evcon was neither an employer of Lemmons, statutory or otherwise, nor a "person in the same employ" as Lemmons. Therefore, Ryder is subrogated and has a lien against any recovery against Evcon by Lemmons under § 44-504(b), and that lien is not extinguished merely because York later bought Evcon. For the same reasons that Evcon was not entitled to York's statutory employer immunity, Ryder's lien on Lemmons's settlement with York—as Evcon's successor-in-interest—remains.

**II. Amount of the Lien Reduction**

The second issue for this court to decide is the amount Ryder's lien interest should be reduced. An employer's subrogation rights under § 44-504(d) apply to actions against third parties that are settled as well as those that are fully litigated. *See Maas v. Huxtable and Assoc's, Inc., et al.*, 23 Kan. App. 2d 236, 929 P.2d 780, 786 (1996). Under § 44-504(d), if the court finds an employer's negligence contributed to the worker's injury, then the employer's subrogation interest against future payments of compensation and medical aid is diminished by the percentage of the recovery attributed to the employer's negligence. An employer's subrogation interest is reduced by the percentage of fault of the statutory employer. *See Duarte v. DeBruce Grain, Inc.*, 276 Kan. 598, 78 P.3d 428, 436 (2003). The statute is to be liberally construed in favor of the worker. *Nordstrom v. City of Topeka*, 228 Kan. 335, 613 P.2d 1371, 1375 (1980).

Lemmons argues that the settlement in this case was based on apportioning liability by attributing 50 percent to York and 25 percent to Ryder. According to Lemmons, the parties disagreed on whether he himself bore some negligence.

4

Lemmons contends that, ultimately, the settlement reflected that 25 percent of the liability was attributable to Evcon.

Mathematically, this attribution of fault to Evcon requires an agreement that Lemmons bore no responsibility for his injury—a dubious assertion at this stage of the litigation given the parties' disagreement on this point. The settlement agreement does not assign any liability. Rather, it states that nothing in the agreement "should be interpreted to construe an admission of negligence or liability by either the plaintiff or the defendant."

Ryder points out that York and Evcon had previously argued Ryder's comparative negligence based on two theories. First, Ryder had notice of the dangerous condition and had a duty to repair the condition. Ryder dismisses this argument based on the lack of evidence at trial that Ryder had either the authority or the duty to repair the condition. Second, Ryder maintained comparative liability for forcing Lemmons to return to work after his injury while he was on restrictions, further aggravating his condition. Ryder argues that the evidence at trial did not support this theory. Ryder asserts that allocating 25 percent of the fault to it would be excessive and instead allocates the liability as Ryder 0 percent, Evcon 70 percent, and York 30 percent.

The court finds the following allocation of fault appropriate for purposes of determining Ryder's lien: York 40 percent, Evcon 35 percent, Lemmons 15 percent, and Ryder 10 percent. In concurrence with Lemmons's representation of the liability reflected in the settlement, the court finds the combined fault of York and Evcon to be 75 percent. At trial, Lemmons persuasively argued that Evcon, as the actual landowner

5

with a duty to maintain the property, bears a large part of responsibility for his injury. In the court's view, Evcon's liability is second only to York's. As the entity exercising actual control over the premises, York was in the best position to remedy the dangerous condition of the grates that led to Lemmons's injuries. The proportion of fault reached by the court reflects that York and Evcon bear similar responsibility, with York shouldering a slightly greater portion.

The remaining negligence is shared by Lemmons and Ryder. Lemmons bears some responsibility for stepping without looking. Considering the evidence showing the Ryder employees were aware of the grates' tendency to shift and create gaps, Lemmons was not using the appropriate amount of care. Lemmons's liability is therefore less than that of York and Evcon, but still significant.

Finally, Ryder bears some responsibility for the extent of Lemmons's injuries because it sent him back to work despite his medical restrictions. The evidence showed that this additional work played some role in Lemmons's deterioration after the accident. Despite Ryder's argument, it is irrelevant that this exacerbation of Lemmons's symptoms did not change his diagnosed injury. At trial, Lemmons would have been entitled to recover for any increased suffering and disability Ryder's actions caused.

Ryder is correct that the evidence at trial did not establish Ryder's knowledge of the grate condition at the plant. However, the court is troubled by Ryder's argument that had it known of the condition, it still would not have had a duty to act in any way, even to notify York and Evcon so one or the other or both could take remedial measures. Given the risk to its employees' health and safety that these insecure grates

6

posed, in the court's view, Ryder likely would have some liability for neglecting to address the issue of the hazard on behalf of its employees.

In conclusion, the liability of Ryder and York—Lemmons's employer and statutory employer—together totals 50 percent.

**III. Calculation of Lien**

Finally, the court must calculate Ryder's lien. The court employs the formula set out in *Brabander v. Western Cooperative Elec.*, 248 Kan. 914, 811 P.2d 1216, 1219 (1991) and adopted by this court in *Enfield v. A.B. Chance Co.*, 73 F. Supp. 2d 1285, 1288 (D. Kan. Oct. 26, 1999):

Diminished lien = lien – [recovery X % of employer's fault].

Based on the formula, the parties should be able to calculate the amount of the diminished lien.[1] The parties agree that this amount is to be reduced by a proportionate share of expenses and attorney fees. The expenses total $8,632.

The lien must now be further reduced by the attorney fees. The reasonable value of attorney fees rests within the discretion of the court. *City of Wichita v. B.G. Prods, Inc.*, 252 Kan. 367, 845 P.2d 649, 653 (1993). The contractual attorney fee rate in this case is 45 percent. Ryder argues that the court should apply a 1/3 contingency fee, which has been upheld in prior Kansas cases. *See Maas*, 929 P.2d at 787; *Lemery v. Buffalo Airways, Inc.*, 14 Kan. App. 2d 301 (1990). But these cases do not stand for the proposition that a

---

[1]The court does not provide the specific numbers used in the formula because the settlement was confidential. Based on the parties' written arguments, the court believes they each have the appropriate numbers available.

1/3 contingency fee is the only reasonable option. This court finds the contractual 45 percent attorney fee assessed by plaintiff's counsel reasonable in this case.

Should any party to this action have difficulty calculating the amounts actually determined by this order, the court will provide them upon request.

IT IS THEREFORE ORDERED this 8th day of July, 2013.

                                                s/J. Thomas Marten
                                                J. THOMAS MARTEN, JUDGE